IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CR-00093-M

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| WILLIAM KIRK JOHNSON, | ) | |
| Defendant. | ) | |

This matter comes before the court on a letter filed pro se by the Defendant and construed by the court as a motion for transfer from Harnett County Detention Center to FCI Butner [DE 75]. The court has limited authority to order transfers of prisoners between facilities, and Defendant fails to identify this court's authority to do so in this case. The Bureau of Prisons has discretion to determine at which facility Defendant should be housed. *See Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979) (holding that "prison administrators [ ] should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve the internal order and discipline and to maintain institutional security"). To the extent that Defendant claims his constitutional or statutory rights have been violated by prison officials, he must follow the proper administrative procedure(s) (through the prison facility) before requesting relief from the court. *See Williams v. Carvajal*, 63 F.4th 279, 285 (4th Cir. 2023) ("The PLRA requires a prisoner to exhaust administrative remedies 'regardless of the relief offered through administrative procedures.'") (citation omitted). Defendant mentions nothing in his letter regarding whether he has followed the facility's procedure(s) for making a complaint and/or request for transfer.

Accordingly, the Defendant's pro se motion is DENIED WITHOUT PREJUDICE.

SO ORDERED this 26th day of February, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE